**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4706**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

COLLINS KUSI SAKYI,

          Defendant - Appellant.

**No. 11-4635**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

COLLINS KUSI SAKYI,

          Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:06-cr-00405-LMB-1)

Submitted: March 30, 2012        Decided: August 14, 2012

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part, and remanded by unpublished per curiam opinion.

———————————————

John L. Machado, LAW OFFICE OF JOHN MACHADO, Washington, DC, for Appellant. Neil H. MacBride, United States Attorney, Thomas J. Krepp, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Collins Kusi Sakyi pleaded guilty to drug offenses, aiding and abetting failure to appear, obstruction of justice, and conspiracy to cause flight to avoid prosecution. The district court sentenced him to a total term of imprisonment of 320 months. In these consolidated appeals, Sakyi argues that the district court erred when it denied his suppression motion, improperly enhanced his sentence based on his role as a supervisor or manager, and failed to adjust his criminal history category upon vacating and reentering his conviction. He also asserts that the Government breached the plea agreement. The Government seeks to enforce the appellate waiver provision of the plea agreement. We dismiss in part, affirm in part, and remand.

Sakyi argues that the Government violated the provision of the plea agreement prohibiting the use of information he provided to enhance his sentence when the Government referenced at the sentencing hearing a self-incriminating statement Sakyi made during plea negotiations. "It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000); see United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006) ("[W]e will not enforce an

3

otherwise valid appeal waiver against a defendant if the government breached the plea agreement containing that waiver."). Because Sakyi did not raise this claim in the district court, we review it for plain error. See Puckett v. United States, 556 U.S. 129, 134-35 (2009) (discussing standard). To prevail under this standard, Sakyi must show not only that the Government plainly breached the plea agreement, but also that he was prejudiced by the error and that "the breach was so obvious and substantial that failure to notice and correct it [would affect] the fairness, integrity or public reputation of the judicial proceedings." United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997) (internal quotation marks omitted).

With these standards in mind, our review of the record leads us to conclude that Sakyi has failed to establish the Government breached the plea agreement. It is clear that the Government obtained the challenged information through an independent source, as Sakyi repeated his boasts about the percentage of heroin he trafficked from Africa to co-conspirators who, in turn, recounted them to investigators. Sakyi is entitled to no relief on this claim.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude an appeal of "a

4

specific issue if . . . the waiver is valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

"An appellate waiver is valid if the defendant knowingly and intelligently agreed [to waive the right to appeal]." Id. at 627. To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances." Id. (internal quotation marks omitted). "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." Id.; see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

We note that the district court fully complied with Fed. R. Crim. P. 11. Sakyi does not challenge the validity of the waiver, and the record reveals that the district court reviewed the waiver in some detail. The district court explained that, by pleading guilty, Sakyi was waiving his right to appeal the district court's denial of his suppression motion and, additionally, the appellate wavier provision would prevent him from appealing his convictions or sentence. Moreover, in its brief, the Government sought to enforce the waiver.

5

Accordingly, we decline to review the denial of Sakyi's motion to suppress or the application of the leadership and recency sentencing enhancements.

Accordingly, we dismiss the appeal of the denial of Sakyi's suppression motion and the application of the challenged sentencing enhancements based upon Sakyi's valid waiver of appellate rights. We affirm the judgment of the district court with respect to Sakyi's contention that the Government breached the terms of the plea agreement. We remand to the district court with instructions for the court to correct the judgment, pursuant to Fed. R. Crim. P. 36, to reflect that the statute of conviction for aiding and abetting the failure to appear (Count 13) is 18 U.S.C. § 3146(a)(1). Finally, as Sakyi is represented by counsel, we deny Sakyi's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART,</u>
<u>AFFIRMED IN PART,</u>
<u>AND REMANDED</u>